Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| IN RE: | CASE NO. 07-21265 |
|---|---|
| CAZON, LLC, | CHAPTER 7 |
| Debtor. | JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER**

Pending is Chapter 7 Trustee Thomas Fluharty, General Counsel Janet Holbrook, and Special Counsel Thomas Basile's Joint Motion to Compromise ("Joint Motion"). According to the Joint Motion, the Movants seek approval of a "Settlement with Respect to Motion of Special Counsel, Thomas F. Basile, to Alter or Amend Order Entered on October 7, 2015, to Amend Final Order of Distribution, and to Strike any Objections by David T. Mitchell, Jr., *Pro Se*, to Either Special Counsel's Final Fee Application or the Settlement Due to Mr. Mitchell's Lack of Standing ("the Motion to Alter or Amend"). Mr. Mitchell Jr. objects to the relief sought in the Joint Motion and the Motion to Alter or Amend.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court is vested with subject jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

**I.**

On October 7, 2015, the predecessor judge to the undersigned entered an order ("the Order") on Ms. Holbrook's fee application, Mr. Basile's fee application, the objection of Mr. Mitchell Jr. to Mr. Basile's fee application, the fees and costs of Mr. Fluharty, and the distribution to creditors. Dckt. No. 203. On October 21, 2015, Mr. Basile filed the Motion to Alter or Amend.

Dckt. No. 205.  On December 16, 2015, the Court held a hearing on Mr. Basile's Motion to Alter or Amend.  At the hearing, Mr. Basile announced that he believed he had reached an agreement with Mr. Fluharty and Ms. Holbrook on how the parties proposed the Order should be amended. Dckt. No. 224.  Ms. Holbrook (as representative of the Trustee) confirmed that the parties were working on an agreement, which the Trustee believed was in the best interest of the estate.  *Id.* Mr. Mitchell Jr., an equity member of Cazon, LLC, opposed the putative settlement.  *Id.*

The Court advised the parties that consideration of any proposed settlement would require a motion to approve the accord.  *Id.*  The parties, however, were ultimately unable to resolve their differences.  The Court thus set another hearing on the Motion to Alter or Amend. Dckt. No. 225.  Subsequently, Mr. Fluharty filed an objection to the Motion to Alter or Amend, as well as an exhibit.  Dckt. Nos. 228 and 229.  Mr. Mitchell Jr. filed a memorandum in support of Mr. Fluharty's objection.  Dckt. No. 230.  Mr. Basile filed a reply to Mr. Fluharty's objection. Dckt. No. 231.  After hearing the parties' arguments on February 17, 2016, the Court set an evidentiary hearing.  Dckt. No. 235.  Prior to the evidentiary hearing, Mr. Fluharty, Ms. Holbrook, and Mr. Basile filed the Joint Motion.  Dckt. No. 255.  Mr. Mitchell Jr. filed an objection (Dckt. No. 260), which the Court is construing as an objection to the Joint Motion.  On May 9, 2016, the Court held a hearing on the Joint Motion and took the matter under advisement.  The matter is ripe for disposition.

## II.

Under the proposed settlement agreement referenced in the Joint Motion, Mr. Basile and Ms. Holbrook have agreed to reduce their compensation in the aggregate amount of

$25,000.[1] This $25,000 will be used to pay all priority claims in full (with the exception of the claims of Ms. Holbrook and Mr. Basile), as well as provide a $4,608.89 distribution to general unsecured creditors, which amounts to approximately 40% of their respective claims. Mr. Fluharty will be paid his full statutory fee in the amount of $10,597.56 and will receive reimbursement for all of his expenses in the amount of $1,414.68, for a total payment of $12,012.24. Ms. Holbrook will receive $35,000 on her final fee application of $53,479.83, which amounts to 65.4% of her requested compensation. Mr. Basile will receive $69,721.20 on his final fee application of $110,955.16, which amounts to 62.8% of his requested compensation. The Joint Motion also requests that the Court make various other changes to the Order.

The settlement proposes an end to a very contentious and protracted controversy that began nearly a decade ago in December 2007. According to Mr. Fluharty's uncontested representations, this is one of the most adversarial matters with which he has ever been associated. That representation is of some moment inasmuch as his service as a Chapter 7 Trustee spans over three decades. Additionally, this case appears to be the longest running case Mr. Fluharty has worked on as a Chapter 7 Trustee. It is also noteworthy that, according to Mr. Fluharty, the proposed 40% distribution to general unsecured creditors exceeds the distribution that general unsecured creditors often receive in a Chapter 7 case.

---

[1] This $25,000 carve out was agreed upon previously. Dckt. No. 112. The $25,000 was intended for the general unsecured creditors and not for sharing among the priority creditors and the general unsecured creditors. No one has objected to this proposed change.

3

## III.

A.     **Standards Governing Standing in Bankruptcy**

Inasmuch as Mr. Mitchell Jr. has objected, the Court must first address the matter of standing. "Bankruptcy standing is narrower than Article III standing . . . . To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings." *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998); *Cf. also In re Hutchinson*, 5 F.3d 750, 756 (4th Cir. 1993) ("Although the Code does not define the term "party in interest," [under 11 U.S.C. § 102] the term "is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings."). Our court of appeals has additionally observed that, "An insolvent debtor is not a party in interest and thus lacks standing because he has no pecuniary interest in the distribution of his assets among his creditors." *Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir. 1985). A debtor (or here, Mr. Mitchell Jr., an equity member of Debtor) can show that it has a pecuniary interest by showing "a reasonable possibility of a surplus after satisfying all debts . . . ." *In re Cult Awareness Network, Inc.*, 151 F.3d at 607; *see also In re Remington Park Owners Ass'n, Inc.*, 548 B.R. 108, 111 (Bankr. E.D. Va. 2016) (stating that, "[U]nless a chapter 7 debtor can show a reasonable possibility of a surplus after distribution on allowed claims, the debtor has no pecuniary interest in the disposition of estate assets and thus lacks standing as a person aggrieved by a bankruptcy court order . . . .").

B.     **Analysis of Mr. Mitchell Jr.'s Standing**

Mr. Mitchell Jr. has made no showing of a reasonable possibility of a surplus after satisfying all debts. The Court questioned Mr. Fluharty regarding the solvency of the estate. Mr.

Fluharty stated, without equivocation, that there was no reasonable possibility of a recovery for equity holders. Mr. Mitchell Jr.'s only rebuttal on this point was that, maybe, in addition to altering the order to not pay Mr. Basile a cent, the Court could also cut Ms. Holbrook's fees, or sanction Mr. Basile by having him pay part of Ms. Holbrook's fees. As noted, however, there have been no objections to Ms. Holbrook's fees, which are clearly reasonable, nor has there been a request to reduce them. Additionally, there is no pending motion for sanctions against Mr. Basile.

In *In re Cult Awareness Network, Inc.*, the debtor offered what it deemed a reasonable possibility of a surplus in the estate. In part, it identified pending litigation in which it could win a large sum of money. The Court, however, held that the pending litigation was not enough:

> "[The] litigation could take years, and there is no certainty that the [debtor] will prevail and be awarded a large judgment. It is even less certain that the [debtor] could collect this judgment, pay its litigation costs and attorneys' fees, and have anything left over. We agree with the bankruptcy court that a potential judgment in this case is not the kind of reasonable possibility of a surplus of assets that gives a debtor standing . . . ."

*Id.* Here, while litigation over Ms. Holbrook's fees and a request for sanctions against Mr. Basile might not take years, the matter is bitterly contested, the Trustee has exercised his reasonable judgment to conclude the matter, and there is little likelihood Ms. Holbrook's fees would be reduced beyond what she has already generously agreed upon as a reduction. Given the lack of any objection to her fees, or a formal request for sanction against Mr. Basile, Mr. Mitchell Jr. relies on no more than pure speculation to suggest that there might be funds available for the equity creditors.

Based upon the foregoing, Mr. Mitchell Jr. has utterly failed to show a reasonable possibility that the estate will have a surplus after all debts are satisfied. Therefore the objection to Mr. Mitchell Jr.'s standing is **SUSTAINED** and his objections are disregarded.

5

**C.     Standards Governing Approval of Settlements**

In determining whether to approve a settlement, the bankruptcy court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re Martin*, 91 F.3d 389, 393 (3rd. Cir. 1996). In making this determination the court considers the following four factors: 1) the probability of success in litigation; 2) the likely difficulties in collection; 3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and 4) the paramount interests of creditors. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968); *In re Martin*, 91 F.3d at 393; *Van Wagner v. Atlas Tri-State SPE, LLC*, No. 3:11-CV-75, 2012 WL 1636857 at 6 (N.D. W. Va. May 8, 2012).

**D.     Analysis of the Proposed Settlement**

Under the compromise, Mr. Basile is receiving approximately $17,851.20 more than he was going to receive under the Order ($69,721.20 instead of $51,870). At least a portion of the funds earmarked for Mr. Basile are coming from funds that would have otherwise been paid to the general unsecured creditors. What the estate is receiving in return is an end to the momentous and, according to Mr. Fluharty, largely unprecedented litigation in this case. That endpoint also puts to rest the genuine concern that continuation of the litigation would gobble up all remaining funds that could be used to compensate the general unsecured creditors. In comparison, the proposed accord promises to pay the general unsecured creditors a total of $4,608.89, which amounts to approximately 40% of their respective claims. It thus appears clear that the first factor (the probability of success in the litigation) weighs heavily in favor of approving the compromise.

The second factor (the likely difficulties in collection) is essentially neutral under the circumstances presented. The third factor (the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it) weighs heavily in favor of the proposed settlement. The evidentiary hearing necessary to resolve the disputed facts would require the attendance and testimony of numerous witnesses, the review of many documents, and a significant resource commitment by Court staff and counsel.

The fourth factor (the paramount interests of creditors) also weighs in favor of the proposed settlement. The carve out originally intended for the unsecured creditors is the only reason they are receiving a dividend. Additionally, further protracted litigation could concomitantly deplete the estate further, leaving less money available to the unsecured creditors than they will be receiving under the settlement.

The applicable factors, and the fact that there are no proper objections to the settlement, counsels in favor of the Court approving the settlement. Therefore

IT IS ORDERED that the proposed settlement be, and hereby is, **APPROVED** as to the numbered paragraphs below, and otherwise **DISAPPROVED** to any extent not specifically mentioned herein, and with any necessary changes to the Order being accomplished hereby:

1. That the objections lodged by Mr. Mitchell Jr. be, and hereby are, **OVERRULED** and **STRICKEN** based upon his lack of standing;

2. That Mr. Basile be, and hereby is, awarded $69,721.20 on his final fee application;

3. That the general unsecured creditors are to be paid a total of $4,608.89, which amounts to approximately 40% of their respective claims (as opposed to the $19,374.49 that the Order directed); and

4.  That the proposed fees for Ms. Holbrook, the Trustee, and the amount earmarked for priority unsecured creditors be, and hereby are, confirmed.

The Clerk is directed to transmit a copy of this written opinion and order to all counsel and parties entitled to notice hereof, with a copy to Mr. Mitchell Jr., via certified mail, return receipt requested.